UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DION LAVELL NEAL-EL, #197239,

        Petitioner,

v.

        CASE NO. 2:20-CV-11539
        HONORABLE GERSHWIN A. DRAIN

GRETCHEN WHITMER and
WILLIS CHAPMAN,

        Respondents.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Dion Lavell Neal-El ("Petitioner"), currently confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and request for injunctive relief. Petitioner was convicted of first-degree murder following a jury trial in the Wayne County Circuit Court and was sentenced to life imprisonment without the possibility of parole in 1988. In his pleadings, Petitioner does not challenge the constitutionality of his convictions, rather he seeks release from custody due to his risk of illness and death due to COVID-19 while incarcerated. Petitioner states that he tested positive for the virus and includes documentation showing that he was tested for the virus on May 12, 2020 and a positive result report was signed on May 17, 2020. For the reasons stated herein, the Court dismisses the petition for a writ of habeas corpus and request for injunctive relief. The Court also denies a certificate of appealability and denies leave to proceed in forma

pauperis on appeal.

## II.      Analysis

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

It is well-settled that a state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust available state court remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).  The claims must also be raised in the state courts as federal constitutional issues.  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  A Michigan prisoner must raise each issue he seeks to present in a federal habeas

proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner has filed his habeas petition pursuant to 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254. The United States Court of Appeals for the Sixth Circuit has suggested that there is a "serious question whether a state prisoner may proceed under § 2241," *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006), but, has permitted state prisoners to proceed under § 2241, subject to the restrictions imposed by § 2254. *See, e.g., Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001). Regardless of whether the petition is deemed filed under § 2254 or § 2241, Petitioner must satisfy the exhaustion requirement. *See Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 237 (6th Cir. 2006); *see also Phillips v. Court of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012).

Petitioner fails to meet this burden. He neither alleges nor establishes that he has exhausted available remedies in the state courts. Petitioner has at least one available procedure by which to raise the issues presented in his pleadings. For example, he may be able to file a state habeas petition in that he seeks a determination on the legality of his continued confinement. *See Phillips v. Warden, State Prison of S. Mich.*, 396 N.W.2d 482, 486 (Mich. Ct. App. 1986). He may also seek relief, even release, by civil action in state court for unconstitutional conditions of confinement. *See Kent Cty. Prosecutor v. Kent Cty. Sheriff*, 409 N.W.2d 202, 208 (Mich. 1987) ("No one now doubts the authority of courts to order the release of prisoners confined under conditions violating their Eighth and

Fourteenth Amendment rights."). He may also pursue an administrative remedy seeking release or alternative custody by filing a grievance or other complaint within the Michigan Department of Corrections. Petitioner thus has at least one available state remedy that must be exhausted before proceeding in federal court. *See, e.g., Sewell v. Brown*, No. 2:20-CV-77, 2020 WL 3542154, *3-4 (W.D. Mich. Jun. 30, 2010) (discussing available remedies and dismissing similar § 2241 habeas petition).

The Court notes that a petitioner's failure to exhaust state court remedies may be excused if "there is an absence of State corrective process" or if "circumstances exist that render such process ineffective" to protect his or her rights. 28 U.S.C. § 2254(b)(1)(B). Petitioner does not assert that there is an absence of state corrective process, nor does he assert that present circumstances have rendered state court remedies ineffective. Although the COVID-19 pandemic has had an undeniable impact on all aspects of society, including delaying court proceedings, there is no indication that Petitioner cannot obtain relief in the state courts. *See, e.g., Money v. Pritzker*, Nos. 20-cv-2093; 20-cv-2094, 2020 WL 1820660, *21 (N.D. Ill. Apr. 10, 2020) (holding that exhaustion requirement was not satisfied because petitioners had "not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so [to resolve emergency COVID-19 motion]"). This case must therefore be dismissed.

Additionally, and alternatively, even if the Court were to excuse the exhaustion requirement, it would still deny Petitioner relief. Petitioner alleges a violation of his substantive due process rights under the Fourteenth Amendment and a violation of his right to be free from cruel and unusual punishment/right to health and safety under the Eighth Amendment. As to the former, substantive due process "prevents the government from

engaging in conduct that shocks the conscience...or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal quotations and citations omitted). To state such a claim, a plaintiff must allege that he has a constitutionally protected interest which has been deprived by arbitrary and capricious state action. *MSI Regency, Ltd. v. Jackson*, No. 09-4473, 2011 WL 3555419, *8 (6th Cir. Aug. 12, 2011). As to the latter, the "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference standard requires a prisoner to show that prison officials acted with a reckless disregard of a known risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A prisoner may establish deliberate indifference by a showing of grossly inadequate care. *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002).

Petitioner makes no such showing. While he asserts that he lives in a communal environment and is unable to practice social distancing in prison and that he is concerned for his well-being because he is older (51) and has high blood pressure, he fails to identify specific issues regarding the prison's response to the pandemic, or lack thereof, that rise to the level of a substantive due process or other constitutional violation. Moreover, while Petitioner states that he tested positive for the virus in May, 2020, he does not allege facts showing that the prison failed to treat him, that his medical needs were (or are) not being met, or that alternative incarceration or release from custody is necessary at this time. Conclusory allegations, without evidentiary support, are insufficient to warrant federal habeas relief. *See, e.g., Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman*

*v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for an evidentiary hearing on habeas review). Petitioner is thus not entitled to habeas relief. This case must therefore be dismissed.

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner has not exhausted available state court remedies as to his claims before seeking federal habeas review and that he fails to alleges sufficient facts to state a claim for federal habeas relief. Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus and the request for injunctive relief.

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies habeas relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed in forma pauperis on

appeal as an appeal cannot be taken in good faith.  See Fed. R. App. P. 24(a).  This case is closed.

**IT IS SO ORDERED**.

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  July 29, 2020